### HILL v. UNITED STATES.

*(Circuit Court, D. Maryland. June 22, 1889.)*

NAVIGABLE WATERS—RIPARIAN RIGHTS—LIGHT-HOUSES—CONSTITUTIONAL LAW.
Land completely covered at low tide by the waters of the Chesapeake bay, within the limits of the state of Maryland, was, for purposes of navigation, given up to the United States upon the ratification of the federal constitution by the state, by virtue of the provision giving the federal government power to regulate commerce, and though the state, by statute, granted such land to the owners of the adjacent dry land as far as to the channel of the navigable waters, such grant was subject to the right of the United States to build light-houses for commercial purposes, and the owner of the adjacent land is entitled to no compensation for damages resulting from the erection of such structures.

At Law. Action for use and occupation.

On the 1st November, 1888, the plaintiff filed his petition in this court, under the provisions of the act of congress of March 3, 1887, c. 359, in which he seeks to obtain compensation from the United States for the use and occupation of the site of Miller's Island light-house, which was built by the United States in the year 1874 on the bottom of the Chesapeake bay, one of the public navigable waters of the United States, at about 200 yards from the shore of Miller's island; this light-house having been ever since its construction used as the rear range light of Craighill channel, the same being a channel constructed by the United States in the Chesapeake bay, and used by ocean vessels in their approach to the port of Baltimore. The plaintiff, in the year 1873, became by purchase the owner of Miller's island, the same being an island in the Chesapeake bay, near its western shore. The claim of the plaintiff to compensation for the use of the site is based on his riparian rights as the owner of the fast land of Miller's island, which lies adjacent to the site in question, and he relies on a law of the state of Maryland, known as "Act 1862," c. 129, to support his claim. The United States resists this claim of the plaintiff upon the ground that his riparian rights under the law of the state of Maryland are subordinate, and subject to paramount rights of the United States, under the commercial clause of the federal constitution, article 1, § 8, to use the said site without condemnation or compensation to the plaintiff for the purposes of commerce and navigation.

#### FINDINGS OF FACTS.

(1) I find that copies of the plaintiff's petition were in compliance with the requirements of the act of March 3, 1887, c. 359, duly served

on the United States district attorney and the attorney general of the United States, and said law in all respects complied with. (2) I find that the plaintiff since the 14th day of February, 1873, has been seised and possessed in fee-simple of the tract of land described in these proceedings and known as "Miller's Island," and of all the riparian rights attached thereto, under the laws of the state of Maryland. (3) I find that no part of the fast land included in the deed of the plaintiff has been used or occupied by the United States, but that a site for the rear range light of Craighill channel, situated about 200 yards from the shore line of the plaintiff's land, has been occupied and used by the United States; that the said site is submerged land in the Chesapeake bay, one of the public navigable waters of the United States, and within the ebb and flow of the tide, and in water about two feet deep at low tide. (4) I find that Craighill channel is a channel in the Chesapeake bay, constructed by the United States, and used by ocean vessels in their approach to the port of Baltimore, and that the light-house constructed by the United States in the year 1874 on the site in question is an important and necessary aid to the navigation of said channel. (5) I find that the United States took possession of said site for the purpose of building the light-house in question without condemnation or the payment of any compensation to the plaintiff, or any other person, in the year 1874. (6) I find that the land of Miller's island, belonging to the plaintiff, was heretofore used and is chiefly valuable on account of the gunning for geese, swan, and ducks, and for the fishing privileges with nets, and that since the erection of the light-house adjoining the shore the value of the land has decreased greatly, and the plaintiff's testimony tended to show that said decrease is due to the erection of said light-house, and that the island formerly rented for $3,000 per annum, but since the erection of the light-house the rent has decreased to $500 per annum.

*I. Alexander Preston* and *Alexander Preston*, for plaintiff.

*Thomas G. Hayes*, U. S. Dist. Atty., for defendant.

Before BOND and MORRIS, JJ.

BOND, J. This is an action for use and occupation of plaintiff's land. The facts of the case are that on the 14th day of February, 1873, the plaintiff became the owner in fee of an island on the western side of the Chesapeake bay, known as "Miller's Island." In the year 1862 the state of Maryland granted by statute to the owners of all lands bounding on the navigable waters of the state the lands of the state covered by water in front of such shores to the deep water or channel of the navigable waters. The United States, in 1874, for the purposes of the proper navigation of the Chesapeake bay, erected on the lands covered by water of the bay and within 200 yards of plaintiff's island, a light-house, known as "Rear-Range Light of Craighill Channel." The water covering the land on which the light-house is built is within the ebb and flow of the tide, and is about two feet deep at low tide. The plaintiff claims that the land upon which the light-house is built belongs to him by vir-

tue of his deed and the statute of Maryland, (referred to,) and that private property cannot be lawfully taken for a public use by the defendant without just compensation. It is true that after the authority of Great Britain had been overthrown by the states all the property of the sovereign or of the lords proprietary belonged to the state. But the state of Maryland, when she ratified the constitution of the United States, and became a member of the Federal Union, held the lands under her navigable waters subject to the conditions of that instrument. The constitution provides that congress shall have power to regulate commerce between the states and with foreign nations, and it has long been held that the power to regulate commerce carries with it the power to build lighthouses, and do all other necessary things without which commerce cannot be successfully carried on. When the state of Maryland yielded this power to the United States she held the lands beneath the navigable waters *sub modo* only. They are subject to the right of the United States to use them in the regulation of commerce, as much so as the navigable waters themselves are under the control of the federal government, upon which she may fix a light-boat certainly and anchor it permanently to the bottom. When, therefore, the state granted the riparian privileges mentioned in the statute referred she could grant no more than she possessed, and the plaintiff holds them subject to the right of the United States to regulate commerce as the state did. This lighthouse is in the determination of congress necessary for the commerce or navigation of the Chesapeake, was within their power to build ever since the adoption of the federal constitution, and the plaintiff has no claim for the use and occupation of the premises.

MORRIS, J., concurs.